UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILSON, SHANE T. | ) | CASE NO. 16-91165-BHL-7A |
| WILSON, ASHLEY R. | ) | |
| | ) | |
| DEBTORS. | ) | |

**TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363(b) FOR ENTRY OF AN ORDER: (A) AUTHORIZING THE SALE OF THE DEBTORS' INTEREST IN CONTRACT FOR DEED FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AND (B) APPROVING BID PROCEDURES WITH PROPOSED PURCHASER IDENTIFIED, AND NOTICE OF OBJECTION DEADLINE TO RESPOND TO BID PROCEDURES**

Kathryn L. Pry, Trustee in bankruptcy for the estate of Shane T. Wilson and Ashley R. Wilson, Case No. 16-91165-BHL-7A ("Trustee"), by counsel, pursuant to (i) sections 105, 363(b) of Title 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); (ii) Bankruptcy Rules 2002(a)(2) and 6004; and (iii) Rule 6004-5 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Rules"), files this *Motion Pursuant to 11 U.S.C. §§ 105 and 363(b) for Entry of an Order: (A) Authorizing the Sale of the Debtors' Interest In Contract for Deed Free and Clear of All Liens, Claims, Encumbrances And Interests; and (B) Approving Bid Procedures with Proposed Purchaser Identified* ("Sale and Bid Procedures Motion"). In support of the Sale and Bid Procedures Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Sales and Bid Procedures Motion under 28 US.C. § 1334, which is a core proceeding within the meaning of 28 US.C. § 157(b)(2)(A) and (N).

2. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the requested relief are Sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2) and 6004.

## I. BACKGROUND

4. On July 26, 2016 (the "Petition Date"), Shane T. Wilson and Ashley R. Wilson ("Debtors") filed a voluntary joint petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division.

5. The Trustee is the duly appointed Chapter 7 trustee of the Debtors' estate.

6. Among the Debtors' assets is an interest in a Contract for Deed (the "Asset") to purchase real estate entered into by Debtor Shane T. Wilson, as seller, and Burley L. Adams ("Adams"), as buyer, of real estate owned jointly by the Debtors located at 10224 S. Roosevelt St. A copy of the Contract for Deed is attached as Exhibit "1." After an initial down payment of $5,000.00, Adams was to make monthly payments to Debtors in the amount of $400.00, with a final balloon payment due on October 25, 2022. Adams is current in his payments, with payments to the Trustee beginning monthly on September 26, 2016. As of the date of this Sale and Bid Procedures Motion, $24,400.00 remains due from Adams.

7. The Trustee has received an offer to purchase the Asset from JM Partners LLC (the "Potential Purchaser"). A copy of the Stalking Horse Asset Purchase Agreement ("Stalking Horse APA") is attached as Exhibit "2."

8. Purchase is conditioned upon the Asset being transferred free and clear of all liens and encumbrances.

## II. RELIEF REQUESTED

**A. Authorization of Sale**

9. By this Sale and Bid Procedures Motion, the Trustee seeks:

a. Approval of the Sale of the Asset to the successful bidder upon the terms and conditions contained in the Stalking Horse APA free and clear of all liens and encumbrances, or to such other bidder that may emerge and submit a higher and better competitive bid at Auction, in accordance with the Bid Procedures, pursuant to Bankruptcy Code Section 363(b); and

b. A waiver of the 14-day stay of effectiveness of the order approving the Sale under Bankruptcy Rule 6004(h).

10. Bankruptcy Code § 363 authorizes the sale of property of the estate outside of the ordinary course of business under certain circumstances.

11. Although Bankruptcy Code § 363 does not provide an express standard for determining whether the court should approve any particular proposed use, sale, or lease of estate property, case law consistently applies an "articulated business judgment" standard. *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc.* (In re Continental Air Lines, Inc.), 780 F.2d 1223, 1226 (5th Cir. 1986); *accord Stephens Indus., Inc. v. McClung* (In re McClung), 789 F.2d 386, 390 (6th Cir. 1986).

12. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *See In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The

key consideration is the Court's finding that a good business reason exists for the sale. *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). However, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See e.g., In re Food Barn Stores, Inc.*, 107 F. 3d 558, 564-65 (8th Cir. 1997) (In bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re The Ohio Corrugating Co.,* 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); *In re Atlanta Packaging Prod., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) ("It is a very well-established principle of bankruptcy law that the objective of bankruptcy sales and the [debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.").

13. Under Rule 6004, "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1). A large measure of discretion is accorded a bankruptcy court in deciding whether a private sale of a debtor's assets should be approved. *See Matter of Embrace Sys. Corp*., 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) (citing *In re Blue Coal Corp*., 168 B.R. 553, 564 (M.D. Pa. 1994)).

14. The Trustee believes the sale of the Asset is in the best interest of the Estate and its creditors.

15. The Trustee believes the sale of the Asset will accomplish a "sound business purpose" and will maximize the value of the Estate's interest in the Asset in the most expeditious manner possible.

16. The Trustee believes the Initial Bid reflects the market value of the Asset, and it therefore maximizes recovery. However, the Proposed Purchaser's offer is subject to higher and better bids, should other bidders emerge.

4

### B. Approval of the Bid Procedures

17. In order to facilitate a productive bid solicitation and submission, and an orderly auction process, the Trustee seeks entry of an order approving the following bidding and other procedures respecting the Sale (collectively, the "Bid Procedures") and form of notice. A copy of the proposed Bid Procedures and notice is attached as Exhibit "3" (for purposes of these Bid Procedures, the Trustee is referred to as the "Seller").

18. Bankruptcy Rules 2002 and 6004 govern the scope of the notice to be provided in the event a trustee elects to sell property of the estate under Section 363; however, with respect to the procedures to be adopted in conducting a sale outside the ordinary course of a debtor's business, Bankruptcy Rule 6004 provides only that such sale may be by private sale or public auction, and requires only that the Trustee provide an itemized list of the property sold together with the prices received upon consummation of the sale. Fed. R. Bankr. P. 6004(f).

19. Neither the Bankruptcy Code nor the Bankruptcy Rules contain specific provisions with respect to the procedures to be employed by a seller in conducting a public or private sale. Generally, to obtain approval of a proposed sale of assets, the seller must demonstrate that the proffered purchase price is the highest and best offer. *In re Integrated Resources, Inc.,* 135 B.R. 746, 750 (Bankr. S.D.N.Y. 1992). As another Court has stated, "[i]t is a well-established principle of bankruptcy law that the objective of bankruptcy rules and the [seller's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate." *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988).

20. Courts have long recognized the need for competitive bidding at hearings on private sales; "[c]ompetitive bidding yields higher offers and thus benefits the estate. Therefore,

5

the objective is 'to maximize bidding, not restrict it.'" *Id*. Competitive bidding procedures facilitate the sale of the Debtor's assets outside of the ordinary course of business. *Id.* The Court has broad discretion with regard to ordering bidding procedures on a sale of estate property. *In re Big Rivers Elec. Corp.*, 213 B.R. 962 (Bankr. W.D. Ky. 1997). Here, the Trustee has identified a baseline bidder on the Asset and intends to conduct an auction, if other purchasers interested in the Asset emerge, demonstrate an ability to purchase the Asset, offer higher and better consideration, and otherwise comply with the Bid Procedures. The Trustee submits that the foregoing Bid Procedures and the opportunity for competitive bidding are reasonable, are designed to maximize the value of the Asset, and should therefore be approved.

21. Besides being necessary for the Debtors' estate to obtain the substantial benefits afforded by the APA, the Bid Procedures serve numerous legitimate purposes. The Bid Procedures (i) foster competitive bidding among any serious potential purchasers; (ii) eliminate from consideration purchasers who would waste the Estate's time because they would not have the financial ability to consummate the transaction; (iii) insure that the highest possible price is obtained for the Asset; and (iv) afford reasonable notice of the proposed sale. Approval of the APA and Bid Procedures is in the best interests of the Debtors' estate and its creditors.

### III.   TERMS OF SALE

22. In accordance with Local Bankruptcy Rule B-6004-5, the relevant terms of the Stalking Horse APA include the following Terms of Sale:

> a. <u>Sale Asset</u>.  Debtors' interest in a Contract for Deed to purchase real estate entered into by Debtor Shane T. Wilson, as seller, and Burley L. Adams ("Adams"), as buyer, of real estate owned jointly by the Debtors located at 10224 S. Roosevelt St., Silver Lake, Indiana (the "real estate"). *See Stalking*

6

*House APA*, Exhibit "2."

b. <u>Proposed Purchaser / Stalking Horse</u>: JM Partners LLC, or its designee.

c. <u>Purchase Price</u>. The price will be determined by the purchaser in accordance with the sale procedures proposed in the Bid Procedures Motion. The Proposed Purchaser offers $12,000.00, which includes a Break-Up Fee ("BUF") of $1,050.00 (the "Opening Bid"). *See Stalking Horse APA*, Exhibit "2." This purchase price is based on all payments which will be due on September 25, 2017 and thereafter.

d. <u>Material Contingencies to the Sale</u>: The following conditions precedent to closing will apply:

   i. The Proposed Purchaser shall not be obligated to appear in Court – and thus the Proposed Purchaser understands in that scenario he may not have an opportunity to counter any objection or counter-offer that might be filed. Proposed Purchaser is willing to participate telephonically in any hearing at a mutually agreeable date and time.

   ii. The Trustee shall bear the cost of providing all items required to properly transfer ownership of the Debtors' interest, as well as the documents required for recording same, and the payment of all transfer taxes and related costs (other than the same). Otherwise, all parties shall pay their own separate legal fees.

   iii. The Asset must be free and clear of all liens and encumbrances.

   iv. The Trustee shall provide to the purchaser:

       a. a proper bill of sale;

7

    b. an executed Assignment of Contract for Deed;

    c. a copy of notification sent to all parties to the Contract for Deed that pursuant to the Court's final order:

        i. the beneficiary and owner designation of the Contract for Deed is to be changed to the Proposed Purchaser; and

        ii. the mailing address of the Contract owner and beneficiary is now "JM Partners LLC, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656," and instructing the parties that all future payments shall be sent to the same;

e. <u>Purchase Agreement</u>: A copy of the Stalking Horse APA is attached as Exhibit "2."

f. <u>Lien or Interest Holders</u>: There are no known lien or interest holders.

g. <u>Executory Contracts or Leases</u>: The Contract for Deed is an executory contract. By accepting the monthly payments from Adams, beginning on September 26, 2016, the Trustee has assumed the Contract for Deed. *See In re Hodgdon*, 54 B.R. 688 (Bankr. W.D. Wis. 1985) (contract may be assumed through conduct; conduct must be either express declaration of assumption or specific, unequivocal action leading to no possible conclusion other than assumption).

h. <u>Marketing</u>: The proposed sale is to be posted on the website of the National Association of Bankruptcy Trustees (www.NABT.com).

8

i. <u>Other Offers to Purchase</u>: Other than the Proposed Purchaser, there are no other offers to purchase the Asset.

j. <u>Relationship to Insiders</u>: The Proposed Purchaser has no known relationship to the Debtors.

k. <u>Relationship to Trustee</u>: The Proposed Purchaser has no known relationship to the Trustee.

l. <u>Post Sale Relationships</u>: Other than as is necessary to consummate the sale, assuming it is approved, neither the Trustee nor the Debtors anticipates any relationship with the Proposed Purchaser after the sale of the Asset is complete.

m. <u>Break-Up Fee</u>: The Stalking Horse APA includes a BUF of $1,050.00 should the Proposed Purchaser not prevail at the sale. This is less than ten percent (10%) of the Initial Bid. In the Trustee's business judgement the BUF is appropriate as it resulted in an Opening Bid that, if successful, would quickly provide to the estate a lump sum ($12,000.00) that the estate would not otherwise be entitled to in full under the Contract for Deed for approximately five years.

n. <u>Other Offers and Interest</u>: The Trustee has received no other inquiries into or offers to purchase the Asset within the ninety (90) days prior to the filing of the Sale and Bid Procedures Motion.

o. <u>Personally Identifiable Information</u>: The sale contains no Personally Identifiable Information as that term is defined within Section 101(41A) of the Code, and, therefore, there is no need for the proposed Sale to comply with

9

Section 363(b)(1) of the Code. The Contract for Deed, to the extent it is requested by a Qualified Bidder (defined below), will be redacted so as not to include personally identifiable information prior to disclosure.

## IV. **CONSIDERATION OF OTHER OFFERS**

23. By the proposed Bid Procedures the Trustee seeks approval of the Bid Procedures governing the process by which third parties may submit competitive bids to purchase the Asset, by which the Trustee shall evaluate competitive bids, and by which the Trustee shall conduct the Auction, in order to devise a controlled, uniform process acceptable to all parties-in-interest and in order to create an environment conducive to competitive bidding and the maximization of the realizable value of the Asset. A copy of the proposed Bid Procedures, which sets forth all proposed terms, is attached as Exhibit "3."

24. The relevant terms of the Bid Procedures are as follows:

   a. <u>Solicitation Process; Distribution of Bid Procedures</u>. The Trustee shall distribute these Bid Procedures as provided in Local Rule 6004-5(d), and the Order in connection with the Sales and Bid Procedures Motion.

   b. <u>Eligibility of Bidders to Participate in Auction</u>. In order to be eligible to bid for the Asset or otherwise participate in the Auction (defined below), each bidder must be determined by Trustee to be a "Qualifying Bidder" (defined below). Trustee shall have the right to determine whether a bidder is a Qualifying Bidder (a bid being submitted by a bidder determined to be a Qualifying Bidder and to have otherwise satisfied the requirements of being a "Qualifying Bid").

c. <u>Qualification of Bidders</u>. In order to be considered for status as a Qualifying Bidder, a bidder (other than JM Partner's LLC which is deemed to constitute a Qualifying Bidder) must:

i. Deliver to James T. Young, Rubin & Levin, P.C., Attorney for the Trustee, at 135 N. Pennsylvania Ave., Suite 1400, Indianapolis, IN 46204, so as to be received before 5:00 p.m. (Eastern Time) on October 13, 2017 (the "Bid Deadline"), a written offer (a "Qualifying Bid") that:

(a) consists of an executed form of the Stalking Horse APA, marked to show any non-material proposed revisions, which are acceptable to Trustee, that provides for the purchase of the Asset (such bidder's executed APA, the "Bidder APA");

(b) contains no contingencies to the validity, effectiveness, and/or binding nature of the bid, including, without limitation, contingencies for due diligence, financing of any kind, or inspection;

(c) contains documentation acceptable to Trustee demonstrating that the bidder has financial resources sufficient to close the transaction prior to close of business on November 1, 2017, which evidence may include, without limitation, evidence of cash on hand, a binding financing commitment from an established and financially sound financial institution or investment fund and the identity of contact persons at the entity issuing such commitment letter;

(d) demonstrates, to Trustee's satisfaction, that the bidder has the legal capacity to consummate the transaction it is proposing; and

11

      (e)    includes a statement from the bidder that:

          (i)    it is prepared to enter into and consummate the transactions contemplated in the Bidder APA immediately upon entry by the Bankruptcy Court of an order approving the sale of the Assets to such bidder (the "Bidder Sale Order"), with the exception of the BUF, which is to be paid by the Trustee; and

          (ii)   the Qualifying Bid and the Bidder APA is irrevocable for a period of sixty (60) days after the date of the Auction (defined below);

d. <u>Terms of Auction</u>. In the event that one or more Qualifying Bids are submitted in accordance with these Bid Procedures, Trustee will conduct an auction sale of the Assets (the "Auction") on the following terms:

    *i.* <u>Time, Date and Location of Auction; Adjournment of Auction; Appearance of Qualifying Bidders at Auction</u>. The Auction will take place on October 18, 2017 commencing at 1:00 p.m. (Eastern Time), at the offices of Trustee's counsel, James T. Young, Rubin & Levin, P.C., 135 N. Pennsylvania Ave., Suite 1400, Indianapolis, IN 46204. For a Qualifying Bid to be considered, the corresponding Qualifying Bidder must appear in person at the Auction unless alternative arrangements are agreed upon in advance with Trustee.

    *ii.* <u>Permitted Attendees at Auction</u>. Unless otherwise ordered or directed by the Bankruptcy Court, only representatives of Trustee, any other parties invited specifically by Trustee, Proposed Purchaser and any Qualifying

>> Bidders (and the professional representatives for each of the foregoing) shall be entitled to attend the Auction.

> e. <u>Auction Bid Submission Procedures</u>. Auction bidding shall be subject to the following procedures:
>
>> i. Bidding will commence with the announcement of the Proposed Purchaser's Opening Bid of $12,00.00, which includes a BUF of $1,050.00 (the "Opening Bid").
>>
>> ii. Any Qualifying Bidder may then submit a successive bid of not less than $13,500.00 (the "First Overbid Amount").
>>
>> iii. Any Qualifying Bidder may then submit successive higher bids in minimum increments of not less than $1,000.00 (the "Minimum Overbid Amount").
>>
>> iv. Each successive bid submitted by any bidder at the Auction must contain an actual cash purchase price that exceeds the then existing highest bid by at least the Minimum Overbid Amount.
>>
>> v. At commencement of the Auction, Trustee may announce procedural and related rules governing the Auction, including time periods available to all Qualifying Bidders to submit successive bid(s) in an amount equivalent to at least the Minimum Overbid Amount.
>
> f. <u>Closing</u>. The closing of the sale of the Assets shall take place at the offices of Trustee's counsel, James T. Young, Rubin & Levin, P.C., 135 N. Pennsylvania Ave., Suite 1400, Indianapolis, IN 46204, at a mutually agreeable time not earlier than the 18th day following entry of the Final Order

authorizing the Agreement, or the next following mutually agreeable date, but in no event more than thirty (30) days following entry of the Final Order unless the Bankruptcy Court enters an order staying the sale.

## NOTICE

Notice of this Sale and Bid Procedures Motion was given to: (a) the United States Trustee for this District; (b) all parties asserting a security interest in the Debtors' Assets; (c) all parties that expressed an interest in purchasing the Asset; and (d) all parties registered to receive notices in this case via the Court's ECF system.

Under the circumstances, the Trustee submits that such notice is appropriate and sufficient.

NOTICE IS GIVEN that any objection to the proposed Bid Procedures must be filed with the Bankruptcy Clerk **within 21 days** from date of service [or such other time period as may be permitted by Fed.R. Bankr.P. 9006(f)]. Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

> Clerk, U.S. Bankruptcy Court
> 110 United States Courthouse
> 121 West Spring Street
> New Albany, IN 47150

The objecting party must ensure delivery of the objection to the party filing the motion (and the debtors if not the movant or objector/and the trustee if not the movant or objector). **If an objection is NOT timely filed, the Bid Procedures may be approved as proposed and the Court shall set a hearing on the sale**.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

a. Finding that notice was appropriately sufficient in all respects;

b. Authorizing the Trustee to sell the Asset to JM Partners, LLC, the Proposed Purchaser or such other successful bidder at the Auction;

c. Approving the Bid Procedures;

d. Waiving the 14-day stays of Bankruptcy Rules 6004(h) and 6006(d); and

e. Granting such other and further relief as may be necessary or appropriate under the circumstances.

        RUBIN & LEVIN, P.C.
        Attorneys for Trustee

        By: /s/ James T. Young
        James T. Young, Atty. No. 13834-71
        RUBIN & LEVIN, P.C.
        135 N. Pennsylvania Ave., Suite 1400
        Indianapolis, IN 46204
        317/634-0300; FAX 317/453-8613
        james@rubin-levin.net

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 5, 2017, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| Kathryn L. Pry | kpry.trustee@att.net; IN36@ecfcbis.com |
| Anthony J. Castor | ajcastor320@gmail.com |

      I further certify that on September 5, 2017, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

See attached matrix

                              /s/James T. Young
                              James T. Young

JTY/MTB/llk
G:\WP80\TRUSTEE\Pry\Wilson, Shane & Ashley\Wilson Sale and Bid Procedure Motion.docx